IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WALTER H. HOLLOWAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:19CV127 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| FALSE ADDRESS TO AVOID | ) | **AND ORDER** |
| RELIEF OF COURT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff has filed a Complaint (Filing No. 1) and Supplemental Complaint (Filing No. 6), the latter of which was filed without a proper motion and permission from the court. The court now conducts an initial review of Plaintiff's complaints to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent Plaintiff's Complaint can be deciphered, Plaintiff sues a non-existent defendant—"False Address to Avoid Relief of Court"—and strings together random, seemingly unrelated thoughts such as reference to "the combined record of Sarpy County Sanitation of HIPPA Records," serving as a male midwife, collecting music royalty checks at Benson and Tech High Schools, childhood training with the British Police, what appears to be a complaint filed with the U.S. Postal Inspection Service, incestuous relationships that resulted in the birth of twins, the proper handling of aborted fetuses that are left outside or in trash cans in order to avoid adverse effects on wildlife, and "Television Royalties on Contracts and published Music of Motown—MCA, NBC." (Filing Nos. 1, 6.)

The court will dismiss this action because Plaintiff's allegations, against an improper defendant, are completely unintelligible and without a factual or legal basis. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff shall not be granted leave to amend his complaints because such amendment would be futile. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint (Filing No. 1) and Supplemental Complaint (Filing No. 6) are dismissed with prejudice as frivolous.

2. The court will enter a separate judgment in accordance with this order.

DATED this 19th day of April, 2019.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge